CHARLES CARROLL, Judge.
This appeal is by the plaintiff below from an order which dismissed its complaint for declaratory judgment on the ground that it did not “state a cause of action for declaratory relief”.
The complaint alleged that the appellee was a lessee of an apartment in a building owned by the appellant, in Bal Harbour, a municipality in Dade County; that the lessee had entered the United States Navy and thereafter notified appellant of his election to terminate the lease, as provided for in such case by the Soldiers’ and Sailors’ Civil Relief Act, 50 U.S.C.A. App. § 534, and had demanded return of his lease security deposit; that the lessee was a man of “considerable wealth” and could afford to pay the rental; and that termination of the lease would operate as a hardship on the lessor. The complaint then quoted a portion of the cited section of the federal statute, applicable where timely notice of cancellation has been given, as follows: “Upon application by the lessor to the appropriate court prior to the termination period provided for in the notice, any relief granted in this subsection shall be subject to such modifications or restrictions as in the opinion of the court justice and equity may in the circumstances require.”
It was alleged there was a justiciable controversy between the parties as to their rights under the lease, and the complaint prayed for a declaration of the rights of the parties to the lease; that the lease be permitted to continue; and for “such other relief as this court may deem meet and proper.”
*221 It will be observed that under the above quoted portion of Section 534 of Title 50, U.S.C.A.App., the lessor is authorized to apply to the “appropriate court,” within a specified time after notice of termination, to seek to have the court impose “such modifications or restrictions” as in the opinion of the court are required in the circumstances by “justice and equity.”
No particular court or type of court is designated in the statute, but in view of its language which provides for court action based on equitable considerations the plaintiff properly sought relief in the circuit court having equity jurisdiction. On consideration of the contentions of the parties with respect to the propriety of proceeding in that court by suit for declaratory judgment, we are of the opinion that the appellant’s argument should prevail, and that the controversy was not inappropriate for a declaratory judgment suit.
Chapter 86, Fla.Stat., F.S.A., the declaratory judgment statute, contains provisions relating to jurisdiction thereunder which appear to encompass the matter submitted to the court for declaratory judgment in this instance. In Section 86.011 it is stated: “The circuit courts have jurisdiction to declare rights, status and other equitable or legal relations whether or not further relief is or could be claimed.” Section 86.021, entitled “Power to construe, etc.,” provides: “Any person claiming to be interested or who may be in doubt about his rights under a deed, will, contract or other article, memorandum or instrument in writing or whose rights, status or other equitable or legal relations are affected by a statute * * * may have determined any question of construction or validity arising under such statute * * * or instrument in writing, or any part thereof, and obtain a declaration of rights, status or other equitable or legal relations thereunder.”
Here the complaint seeks to have the court determine and declare the nature and extent, if any, to which the lessor may be entitled to relief from the cancellation of the lease, by “modifications or restrictions” or otherwise, which may be found to be required by “justice and equity” under the circumstances, because of the alleged affluence of the lessee.
Accordingly, we hold it was error to dismiss the complaint, and the order appealed from is reversed and the cause remanded to the circuit court for further proceedings.